Frank De Santis, Esq. SB# 110400
LAW OFFICES OF FRANK DE SANTIS
298 Third Avenue
Chula Vista, California 91910
Tel: (619) 425-2020
Fax: (619) 425-2120

Attorney for Plaintiff,
JOSE A. NOBLES

FILED
2008 AUG 29 PM 2:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 1594 JM POR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. NOBLES, | ) CASE No. |
| Plaintiff, | ) COMPLAINT FOR DAMAGES FOR |
| | ) PERSONAL INJURIES BASED ON THE |
| vs. | ) JONES ACT, 46 U.S.C. §688, ET SEQ., |
| | ) AND UNDER GENERAL MARITIME |
| F/V SUNRISE, SUNRISE FISHING, INC., | ) LAW; MAINTENANCE AND CURE; |
| WEST BAY PROCESSING INC., and DOES 1 | ) PRODUCTS LIABILITY; DEMAND |
| through 30, inclusive, | ) FOR JURY TRIAL; **COMPLAINT** |
| | ) **BEING FILED BY SEAMAN** |
| Defendants. | ) **WITHOUT SECURITY AND** |
| | ) **PREPAYMENT OF FEES** (28 U.S.C. |
| | ) §1916) |

**COMES NOW**, the Plaintiff, JOSE A. NOBLES, and for causes of action against the Defendants respectfully alleges as follows:

**FIRST CAUSE OF ACTION**
**(Vessel Unseaworthiness)**

Page 1
COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

1. That at all times mentioned, defendants, F/V SUNRISE, SUNRISE FISHING, INC., WEST BAY PROCESSING INC., and DOES 1 through 30, inclusive, and each of them, were, and are, Corporations, partnerships, associations, and/or individuals doing business in this district and in the County of San Diego, State of California.

2. That at all times herein mentioned, there was and still is in force and in effect an Act of Congress known as the Merchant Marine Act approved June 5, 1920, C. 250, 41 Stat. 1007, otherwise known as the Jones Act.

3. That at all times herein mentioned defendants SUNRISE FISHING, INC., WEST BAY PROCESSING INC., and DOES 1 through 30, owned, operated, maintained, entrusted, and/or controlled the vessel F/V "SUNRISE" and used and employed said vessel for fishing on navigable waters of the United States.

4. That at all times herein mentioned, plaintiff JOSE A. NOBLES was employed on said vessel as seamen and was in fact, a member of the crew of said vessel; that this action is prosecuted by virtue of the provisions of 46 U.S.C. §688 et seq. and under the General Maritime Law.

5. That, on or about July 29, 2007, defendants F/V SUNRISE, SUNRISE FISHING, INC., WEST BAY PROCESSING INC., and DOES 1 through 30, and each of them, so negligently owned, operated, maintained, controlled, supervised and inspected the F/V SUNRISE, by having an aggressive dog onboard the fishing vessel and negligently allowing the dog to attack plaintiff, so that he was caused to sustain serious personal injuries.

6. That the direct and proximate cause of plaintiff' injuries as above mentioned was the unseaworthiness of defendant vessel as follows:

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

a. In causing, allowing and permitting plaintiff to be injured on the vessel.

b. In operating the vessel in a negligent manner rendering the vessel unsafe.

c. In failing to warn plaintiff of the dangerous and hazardous conditions as aforesaid.

d. In failing to provide plaintiff with a seaworthy vessel and a safe fishing operation.

e. In failing to provide plaintiff with a safe place in which to work.

f. In failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work.

g. In failing to provide sufficient and competent co-employees and superior officers.

h. In failing to provide proper and prompt medical care.

7. As a proximate result of said accident, plaintiff was hurt and injured in health, strength, and activity. The injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering; plaintiff is informed and believes and therefore alleges that said injuries will result in permanent and stationary disability to said plaintiff.

8. Solely and proximately as the result of the accidents, caused as aforesaid, plaintiff incurred indebtness for physicians, hospitalization, x-rays, drugs and sundries in the treatment of the said injuries, in an amount which plaintiff are unable to ascertain at this time, and will become obligated in the further treatment and of said injuries for an indefinite period of time in the future. said Plaintiff, upon the ascertainment of said special damages will request leave to amend this complaint in accordance therewith, and will pray judgment for damages in that sum.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

9.      That by reason of the above injuries, plaintiff has suffered and will continue in the future to suffer loss of income in an amount which is not known at this time, and plaintiff prays leave to insert the same herein when fully ascertained.

10.     As a result of the aforementioned injuries, caused as aforesaid, plaintiff suffered general damages in an amount according to proof.

## SECOND CAUSE OF ACTION
### (Negligence)

11.     Plaintiff repeat and realleges all of the allegations contained in Paragraphs 1 through 9 of the First Cause of Action on file herein, with the same force and effect as though set out herein at length verbatim.

12.     That the direct and proximate cause of plaintiff' injuries as above mentioned was the negligence of defendants, F/V SUNRISE, SUNRISE FISHING, INC., WEST BAY PROCESSING INC., and DOES 1 through 30, as follows:

   a.   In causing, allowing and permitting plaintiff to be injured on the vessel.

   b.   In causing and permitting the vessel and its appurtenances to be in a dangerous, defective and hazardous condition.

   c.   In failing to warn plaintiff of the dangerous and hazardous conditions as aforesaid.

   d.   In failing to provide plaintiff with a seaworthy vessel and a safe fishing operation.

   e.   In failing to provide plaintiff with a safe place in which to work.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

  f. In failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work.

  g. In failing to provide sufficient and competent co-employees and superior officers.

  h. In failing to provide proper and prompt medical care.

### THIRD CAUSE OF ACTION
(Maintenance & Cure)

13. Plaintiff repeat and realleges all of the allegations contained in the First and Second Causes of Action on file herein, with the same force and effect as though set out herein at length verbatim.

14. That at said time and place, while said vessel was on navigable waters of the United States, plaintiff became ill and injured while in the services of said vessel.

15. Upon plaintiff becoming ill and injured in health as aforesaid, it became the duty of defendants, and each of them, to pay plaintiff the expense of their maintenance and provide cure, in addition to their earned wages and wages to the end of the voyage.

16. That said defendants, and each of them, neglected to provide plaintiff with maintenance and cure.

17. That by reason of the aforesaid, plaintiff was damaged on an amount according to proof. That by reason of said neglect, plaintiff are entitled to interest and attorney's fees. Plaintiff is informed and believes and upon this belief alleges that he will suffer further damage in an amount which he does not know at this time, and he prays leave to insert the same when fully ascertained.

Page 5

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

18. That said defendants, and each of them, have been callous, recalcitrant, arbitrary, capricious, and without good cause in their refusal to provide cure. They have not acted in good faith in this respect and, therefore, plaintiff requests punitive damages in an amount according to proof.

## FOURTH CAUSE OF ACTION
### (Payment of Wages, Contract Benefits and Penalties)

19. Plaintiff repeat and realleges all of the allegations contained in the First, Second and Third Causes of Action on file herein, with the same force and effect as though set out herein at length verbatim.

20. That at all times herein mentioned defendants, SUNRISE FISHING, INC., WEST BAY PROCESSING INC., and DOES 1 through 30, operated, maintained, entrusted, and controlled the vessel F/V "SUNRISE", and used and employed said vessel for fishing on navigable waters of the United States and sailed under the United States flag.

21. Defendants at all times referred to did business within this jurisdiction.

22. That at all times herein mentioned, Plaintiff was employed as a seaman onboard the F/V "SUNRISE," and was in fact, a member of the crew of said vessel; that this action is prosecuted by virtue of the provisions of 46 U.S.C. §688 et seq. and under the General Maritime Law. That at all times, while under the employment of said vessel, Plaintiff was promised $7.00 per ton per fishing trip. However, plaintiff only got paid $3.00 per ton per fishing trip while under the employment of the F/V "SUNRISE," owned by Defendant SUNRISE FISHING, INC.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

23.  Defendants and each of them breached the agreement by refusing and continuing to refuse to pay Plaintiff wages owed and other benefits pursuing to the agreement in the amount according to proof.

24.  The actions of Defendants, and each of them, were wrongful, malicious and intended to injure and vex Plaintiff. Plaintiff is therefore, entitled to an award for punitive damages in an amount according to proof.

25.  Plaintiff has further hired counsel to represent him against Defendants and collect what is owed him from Defendants and is entitled to attorney's fees in an amount according to proof.

26.  Plaintiff further asks that a warrant for the F/V "SUNRISE" be issued and that all persons claiming any interest in the vessel be cited to appear and answer these matters.

**WHEREFORE,** plaintiff prays for judgment as follows:

### AS TO THE FIRST CAUSE OF ACTION:

1.  For general damages in an amount according to proof.

2.  For special damages for hospitalization, physicians, x-rays, drugs and sundries for such sums as shall be shown to have been incurred and to be incurred by plaintiff on the trial hereof.

3.  For damages for loss of wages in such sums as shall be shown to be due at the trial hereof.

### AS TO THE SECOND CAUSE OF ACTION:

4.  For general damages in an amount according to proof.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

5. For special damages for hospitalization, physicians, x-rays, drugs and sundries for such sums as shall be shown to have been incurred and to be incurred by plaintiff on the trial hereof.

6. For damages for loss of wages in such sums as shall be shown to be due at the trial hereof.

### AS TO THE THIRD CAUSE OF ACTION:

7. For maintenance and cure in an amount according to proof.

8. For damages in an amount according to proof.

9. For punitive damages in an amount according to proof.

### AS TO THE FOURTH CAUSE OF ACTION:

10. For damages for contract benefits in an amount according to proof.

11. For penalties in an amount according to proof.

### AS TO ALL CAUSES OF ACTION:

12. For costs of suit incurred herein.

13. For such other and further relief as the court deems just and proper.

Dated: 8/28/08

LAW OFFICES OF FRANK DE SANTIS

_____
FRANK DE SANTIS, Attorney for Plaintiff

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

## DEMAND FOR JURY TRIAL

Plaintiff hereby request Trial by Jury.

Dated: 8/28/08         LAW OFFICES OF FRANK DE SANTIS

                       _____
                       FRANK DE SANTIS,
                       Attorney for Plaintiff.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON THE JONES ACT, 46 U.S.C. §688, ET SEQ., AND UNDER GENERAL MARITIME LAW; MAINTENANCE AND CURE; PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; **COMPLAINT BEING FILED BY SEAMAN WITHOUT SECURITY AND PREPAYMENT OF FEES** (28 U.S.C. §1916)

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOSE A. NOBLES

**DEFENDANTS**
F/V SUNRISE, SUNRISE FISHING, INC., WEST BAY PROCESSING and DOES 1 through 30

(b) County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **LOS ANGELES**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Frank De Santis, Esq.
298 Third Avenue, Chula Vista CA 91910

Attorneys (If Known)
'08 CV 1594 JM POR

FILED
2008 AUG 29 PM 2:58
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. section 688; 28 U.S.C. seciton 1916

Brief description of cause:
bodily injuries while employed and fishing aboard a vessel on navigable waters of USA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/28/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 154570  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
AC 8/29/08

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
           UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

          # 154570     - TC

           August 29, 2008
              14:59:01


            Civ Fil Non-Pris
       USAO #.: 08CV1594
       Judge..: JEFFREY T MILLER
       Amount.:                    $350.00 CK
       Check#.: BC29484



            Total-> $350.00



       FROM: JOSE A NOBLES
             VS
             F/V SUNRISE FISHING INC
```